United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Ana Mendoza,<br><br>            Plaintiff,<br>   v.<br><br>Bank of America, N.A., et al.,<br><br>            Defendants.<br>_____/ | NO. C 09-00571 JW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND; GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING DEFENDANTS' MOTIONS TO DISMISS AS MOOT** |

Presently before the Court are Plaintiff's Motion for Leave to Amend her Complaint and to Remand the Action to State Court,[1] Defendant Bank of America's Motion to Dismiss or, Alternatively, Strike,[2] and Defendant JP Morgan Chase Bank's Motion to Dismiss.[3]  Plaintiff seeks leave to amend her Complaint to remove all federal causes of action and to have this case remanded to state court for lack of subject matter jurisdiction.  Defendants Bank of America and JP Morgan Chase Bank seek to have Plaintiff's Complaint dismissed for failure to state a claim.  The Court conducted a hearing on April 6, 2009.

Plaintiff originally filed her Complaint in the Superior Court of the State of California for the County of Santa Clara on January 2, 2009.  (See Notice of Removal at 4, Docket Item No. 1.)

---

[1] (hereafter, "Plaintiff Motion," Docket Item No. 14.)

[2] (See Docket Item No. 7.)

[3] (See Docket Item No. 10.)

1 Defendant JP Morgan Chase was served with the Complaint on January 9, 2009. (Id.) On February
2 9, 2009, with the consent of Defendant Bank of America, Defendant JP Morgan Chase removed this
3 action to federal court on the ground that Plaintiff's allegations presented federal questions. (Id.)
4 On February 17, 2009, Defendants filed their separate Motions to Dismiss. On March 16, 2009,
5 Plaintiff filed her Motion for Leave to Amend and to Remand. On March 25, 2009, Plaintiff filed an
6 Amended Complaint. (See Docket Item No. 22.)

The Court considers the motions in turn.

**A.   Leave to Amend**

Plaintiff contends that she should be granted leave to amend her Complaint on the grounds that she intends to remove the two federal causes of action, clarify the role of each Defendant in the conspiracy against her, and add causes of action to support those clarifications. (Motion at 2.)

Under Federal Rule of Civil Procedure 15(a), "a party may amend [her] pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). "A motion to dismiss is not a 'responsive pleading' within the meaning of the Rule." Doe v. United States, 58 F.3d 494, 496-97 (9th Cir. 1986).

Here, while both Defendants have filed Motions to Dismiss, neither party has filed a "responsive pleading" pursuant to Rule 15(a). Thus, Plaintiff may amend her Complaint as a matter of course. Accordingly, the Court treats Plaintiff's Amended Complaint filed on March 25, 2009 as the operative Complaint for the case. In light of Plaintiff's Amended Complaint, the Court DENIES Defendant Bank of America and Defendant JP Morgan Chase's Motions to Dismiss at moot.

**B.   Motion to Remand**

Plaintiff contends that this action should be remanded because her Amended Complaint does not present a federal question under 28 U.S.C. § 1331, vitiating Defendants' ground for removal. (Motion at 4.)

If, prior to final judgment, the district court discovers its lack of subject matter jurisdiction, it must remand the case. 28 U.S.C. § 1447(c). The defendant seeking removal of an action to federal court bears the burden of establishing grounds for federal jurisdiction. Quinones v. Target Stores,

2

2005 U.S. Dist. LEXIS 31915 (N.D. Cal. 2005). Removal statutes are construed restrictively. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). Doubts as to removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Post-removal amendments will not be permitted to destroy federal question jurisdiction once it has attached. See CTS Printex, Inc. v. American Motorists Ins. Co., 639 F. Supp. 1272, 1276-77 (N.D. Cal. 1986). "Where a case has been properly removed, jurisdiction over it will not be defeated by later changes or developments in the suit, such as changes in citizenship, in parties, in the amount involved or in the cause[s] of action pleaded." Southern Pac. Co. v. Haight, 126 F.2d 900, 903 (9th Cir. 1942) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)). Thus, a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based. See Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006); see also Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). However, under 28 U.S.C. § 1367(c)(2), a district court may decline to exercise supplemental jurisdiction over a claim if in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In this case, the Complaint originally filed in state court alleged violations of the Truth In Lending Act, 15 U.S.C. § 1601, ("TILA") and the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 *et seq.*, ("RESPA"), providing the Court with original subject matter jurisdiction under 28 U.S.C. § 1331. (See Notice of Removal at 2.) Plaintiff's Amended Complaint does not contain any federal claims. In fact, all fourteen causes of action are state statutory or common law claims. There is no clear evidence that Plaintiff removed her federal claims solely to divest the Court of its subject matter jurisdiction. Thus, the Court finds that this action should be remanded to the state court. See 28 U.S.C. § 1367(c)(2). Accordingly, the Court GRANTS Plaintiff's Motion to Remand.

3

**C.     Conclusion**

The Court GRANTS Plaintiff's Motion to Amend and DENIES Defendants' Motions to Dismiss as moot. The Court GRANTS Plaintiff's Motion to Remand. The Clerk of Court shall immediately remand this case to the Superior Court of the State of California for the County of Santa Clara.

Each party shall pay their own fees and costs. The Clerk shall close this file.

Dated:  April 24, 2009

JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

John M. Sorich jsorich@adorno.com
Lawrence Pedro Ramirez lpramirez@thellg.com
Peter H. Bales phb@severson.com
Sung-Min Christopher Yoo cyoo@adorno.com
Valerie Kim Brennan vbrennan@adorno.com

**Dated:  April 24, 2009**                                                         **Richard W. Wieking, Clerk**


**By:      /s/ JW Chambers
              Elizabeth Garcia
              Courtroom Deputy**